UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-04489-JLS-RAO                                                  Date: August 30, 2023
Title:  Rosalinda Celaya v. Walmart Inc. et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| Gabby Garcia | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                                                                  Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER DENYING PLAINTIFF'S MOTION TO REMAND (Doc. 14)**

Before the Court is Plaintiff Rosalinda Celaya's ("Plaintiff") Motion to Remand (Mot., Doc. 14), which Defendant Walmart Inc. ("Defendant") opposed (Opp., Doc. 19). Plaintiff argues that the presence of Doe 1 in this action undermines there being complete diversity between the parties. (Mot., Doc. 14-1 at 3–6). Defendant argues that the Court should disregard Doe 1 when determining whether complete diversity exists. (Opp., Doc. 19 at 10–14). The Court finds this matter appropriate for decision without oral argument, and the hearing set for September 1, 2023, at 10:30 a.m. is VACATED. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court DENIES Plaintiff's Motion to Remand.

## I.   LEGAL STANDARD

"In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1). Some district courts have recognized an exception to this rule where the allegations in a plaintiff's complaint "give a definite clue about the identity of the fictitious defendant by specifically referring to an individual who acted as the company's agent." *Sandoval v. Republic Servs., Inc.*, No.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-04489-JLS-RAO                                   Date: August 30, 2023
Title:  Rosalinda Celaya v. Walmart Inc. et al

2:18-cv-01224-ODW (KSx), 2018 WL 1989528, at *3 (C.D. Cal. Apr. 24, 2018) (quoting *Collins v. Garfield Beach CVS, LLC*, No. CV 17-3375-FMO (GJSx), 2017 WL 2734708, at *2 (C.D. Cal. June 26, 2017)).

### II.     DISCUSSION

   Because Doe 1 is "a defendant[] sued under [a] fictitious name[]," the Court "shall . . . disregard" Doe 1's citizenship.  28 U.S.C. § 1441(b)(1).  Moreover, even assuming that there is an exception to section 1441(b)(1) where allegations provide "a definite clue" about a Doe defendant's identity, this action does not satisfy that exception.  Plaintiff's Complaint makes just two high-level allegations about Doe 1: that he or she "is a Walmart employee and resident of the County of Los Angeles whose negligence in remedying the dangerous condition . . . proximately caused Plaintiff's injuries and damages," and that he or she "was in the general area of the CONDITION for the purpose of remedying it."  (Compl., Doc. 1-1 at ¶¶ 3, 13).  These high-level allegations fall far short of the specific allegations made in cases where courts have applied the "definite clue" exception.  *See Sandoval*, 2018 WL 1989528, at *4 (complaint alleged specific department in which Doe Defendant worked, Doe Defendant's first name, and conversations Plaintiff had with supervisors regarding Doe Defendant); *Collins*, 2017 WL 2734708, at *2 (complaint alleged specific job function of Doe Defendant such that the defendant-employer was "able to easily identify" Doe Defendant).

### III.    CONCLUSION

   Because Doe 1's citizenship must be disregarded when determining whether complete diversity exists, Plaintiff's Motion to Remand is DENIED.

Initials of Deputy Clerk: gga